UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MIGUEL PEREZ,**<br><br>Plaintiff,<br><br>vs.<br><br>**GARDEN STATE ALE HOUSE, LLC, ARD ENTERPRISES, LLC, ADAM ZEBIB, individually, and ROBERT PATEL, individually,**<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff MIGUEL PEREZ ("Perez" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants GARDEN STATE ALE HOUSE, LLC, ("Garden State") ARD ENTERPRISES, LLC, ("ARD"), ADAM ZEBIB, individually ("Zebib"), and ROBERT PATEL, individually ("Patel"), (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt kitchen staff– who suffered

1

damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt kitchen duties for the Defendants in New Jersey and based from Defendants' restaurant and bar located in East Rutherford, Bergen County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Garden State, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant owns and operates a restaurant/bar, which is located in East Rutherford, Bergen County, New Jersey, and purchases goods and materials through interstate commerce which are used to perform their business. Additionally, Defendant accepts credit cards from customers, payment of which is transferred through the channels of interstate commerce, for provision of Defendant's food and drink. Alternatively, Plaintiff and those similarly situated employees worked in interstate

commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendant's consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

8. At all times pertinent to this Complaint, the Defendant ARD, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant owns and operates a restaurant/bar, which is located in East Rutherford, Bergen County, New Jersey, and purchases goods and materials through interstate commerce which are used to perform its business. Additionally, Defendant accepts credit cards from customers, payment of which is transferred through the channels of interstate commerce, for provision of Defendant's food and drink. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

9. Plaintiff Perez is an adult individual who is a resident of Newark, Essex County, New Jersey.

10. Plaintiff Perez was employed by Defendants full time as a laborer, performing kitchen duties, specifically working as a line cook, sweeping, mopping, dishwashing, from early January, 2016, until March, 2016, or for approximately two months.

11. Upon information and belief, the Defendants operate a second restaurant/bar in New Brunswick, N.J.

12. At all times relevant to this Complaint, the Defendant, Garden State, employs individuals to perform labor services on behalf of the Defendants.

13. At all times relevant to this Complaint, the Defendant, ARD, employs individuals to perform labor services on behalf of the Defendants.

14. Upon information and belief, at all times relevant to this Complaint, the Defendant Garden State's annual gross volume of sales made or business done was not less than $500,000.00.

15. Upon information and belief, at all times relevant to this Complaint, the Defendant ARD's annual gross volume of sales made or business done was not less than $500,000.00.

16. At all times relevant to this Complaint, the Defendant Garden State was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

17. At all times relevant to this Complaint, the Defendant ARD was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

18. Upon information and belief, Defendant Patel is a New Jersey state resident.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Zebib has been an owner, partner, officer and/or manager of the Defendant, Garden State.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Zebib has been an owner, partner, officer and/or manager of the Defendant, ARD.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Patel has been an owner, partner, officer and/or manager of the Defendant, Garden State.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Patel has been an owner, partner, officer and/or manager of the Defendant, ARD.

23. Upon information and belief, at all times relevant to this Complaint, individual Defendant Zebib has had the power over personnel decisions at the Defendant Garden State's business.

24. Upon information and belief, at all times relevant to this Complaint, individual Defendant Zebib has had the power over personnel decisions at the Defendant ARD's business.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant Patel has had power over personnel decisions at the Defendant Garden State's, business.

26. Upon information and belief, at all times relevant to this Complaint, individual Defendant Patel has had power over personnel decisions at the Defendant ARD's, business.

27. Defendant Zebib was present at the East Rutherford establishment, Garden State, regularly, and managed the day to day operations, controlled the employees, as the establishment's pay practices and had the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

28. Defendant Zebib was present at the East Rutherford establishment, ARD, regularly, and managed the day to day operations, controlled the employees, as the establishment's pay practices and had the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

29. Defendant Patel was present at the East Rutherford establishment, Garden State, almost every day, and managed the day to day operations, controlled the employees, as well as

the establishment's pay practices and had the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

30. Defendant Zebib was present at the East Rutherford establishment, ARD, almost every day, and managed the day to day operations, controlled the employees, as well as the establishment's pay practices and had the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

31. Defendants Garden State and ARD shared control of Miguel Perez, and other similarly situated employees to both of their benefit.

32. Plaintiff and those similarly situated persons are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

33. Defendants Garden State, ARD, Zebib, and Patel constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

## **FACTS**

34. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

35. Plaintiff Perez was an hourly employee and his hourly rate of pay was $15.00 an hour.

36. Plaintiff Perez routinely worked six (6) days per week.

37. Plaintiff Perez worked approximately seventy (70) hours per week, however, these hours varied from week to week, ranging from seventy (70) hours to eighty (80) hours per week.

38. Plaintiff's hours varied from week to week, however, Plaintiff rarely, if ever, worked less than sixty- five (65) hours each week.

39. Plaintiff's pay varied from week to week.

40. Plaintiff never agreed to any sort of fixed salary, to be paid regardless of the number of hours that he worked in a workweek.

41. Plaintiff's daily hours varied, even if he was scheduled to work a particular "shift."

42. However, Plaintiff did not work less than ten (10) hours each day.

43. Plaintiff Perez was not paid one and one half times his regular rate of pay for his hours worked in excess of forty (40) in a workweek.

44. Nor was Plaintiff paid at his regular rate of pay for all of his hours worked.

45. Upon information and belief, employees similarly situated to Plaintiff were also compensated for some of their regular hours and for some of their overtime hours but not for all of their hours worked in excess of forty (40) worked each week.

46. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

47. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

48. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

49. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

50. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

51. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

52. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked regular or overtime hours in one or more work periods, on or after April 18, 2014, and were not properly compensated for all hours worked and all hours worked in excess of forty (40) within a workweek.

53. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

54. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 53 above.

55. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

56. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

57. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

58. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

59. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

60. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 59 above.

61. Defendants' aforementioned conduct is in violation of the NJWHL.

62. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE FLSA

63. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 62 above.

64. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce," minimum wages.

65. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

66. Plaintiff and those similarly situated persons are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

67. Defendants Garden State, ARD, Zebib, and Patel constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

68. Defendants failed to pay the Plaintiff and those similarly situated employees all earned minimum wages for the time they worked for Defendants in any given week.

69. The failure of Defendants to pay the Plaintiff and those similarly situated employees their rightfully owed wages was willful.

## COUNT IV
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE NJWHL

70. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 69 above.

71. Pursuant to New Jersey Statutes §§ 34:11-56a4 *et seq*., "[e]very employer shall pay

to each of his employees" minimum wages pursuant to state and federal statutes, cited *supra*.

72. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay Plaintiff and those similarly situated employees their statutorily required minimum wage compensation for all hours worked up to forty (40) hours a week for the Defendants.

## JURY TRIAL

73. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff MIGUEL PEREZ and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants GARDEN STATE ALE HOUSE, LLC, ARD ENTERPRISES, LLC, ADAM ZEBIB, individually, and ROBERT PATEL, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: April 18, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ Jodi J. Jaffe
　　　　　　　　　　　　　　　　　　　Jodi J. Jaffe, Esquire
　　　　　　　　　　　　　　　　　　　E-mail: JJaffe@JaffeGlenn.com
　　　　　　　　　　　　　　　　　　　New Jersey Bar No.: 022351993
　　　　　　　　　　　　　　　　　　　Andrew I. Glenn
　　　　　　　　　　　　　　　　　　　E-mail: AGlenn@JaffeGlenn.com
　　　　　　　　　　　　　　　　　　　New Jersey Bar No.: 026491992
　　　　　　　　　　　　　　　　　　　**JAFFE GLENN LAW GROUP, P.A.**
　　　　　　　　　　　　　　　　　　　301 N. Harrison Street, Suite 9F, #306
　　　　　　　　　　　　　　　　　　　Princeton, New Jersey 08540
　　　　　　　　　　　　　　　　　　　Telephone: (201) 687-9977
　　　　　　　　　　　　　　　　　　　Facsimile: (201) 595-0308
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*